IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Craig Bent,**

    **Plaintiff,**

v.                                                               Case No.: 6:21-cv-75

**Detective Kevin Wilson and Detective Robert Riley,**

    **Defendants.**

_____/

## COMPLAINT

COMES NOW, Plaintiff Craig Bent, through his attorneys, complains of Defendants Kevin Wilson and Robert Riley and states as follows:

## PARTIES

1. Plaintiff Craig Bent is a resident of Orange County, Florida.

2. Defendant Kevin Wilson was, during the relevant time, employed by the Orange County Sheriff's Department and acted within the scope of his employment as a law enforcement officer and under color of law.

3. Defendant Robert Riley was, during the relevant time, employed by the Orange County Sheriff's Department and acted within the scope of his employment as a law enforcement officer and under color of law.

## JURISDICTION AND VENUE

4. This action arises under Federal law, specifically the Civil Rights Act, Title 42 United States Code, Sections 1983 and 1988.

5. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

6. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division under Title 28 of the United States Code, Section 1391(b)(2) as the events giving rise to this litigation occurred within this district.

## **FACTUAL ALLEGATIONS**

7. On or about December 17, 2016, Cheyanne Arias, Nestor Vinas, and Marc Hernandez were in a Chevy Malibu near the area of North Powers Drive and Silver Star Road in Orlando, Florida.

8. An individual named Brandon Bascom approached their vehicle with a knife and stabbed one of the tires.

9. Hernandez shot Bascom. Bascom then entered a silver Passant and began to drive in reverse. Eventually the silver Passant crashed into several objects and came to a stop. Bascom was shot in his torso and subsequently died from this injury.

10. As Bascom was getting into his silver vehicle, an unknown black male exited a light-colored Chevrolet vehicle and approached the Malibu.

11. This unknown black male fired numerous shots towards the Malibu.

12. Arias exited the Malibu and fled.

13. Hernandez fired multiple shots directed at this unknown black male.

14. The unknown black male ran to the light-colored Chevrolet and fled the scene.

15. None of the individuals in the Malibu could identify the shooter.

16. Defendants were assigned to investigate the shooting.

17. During their investigation, Defendants realized that Bascom and Plaintiff were acquaintances.

18. Having no other lead, Defendants focused the investigation on Plaintiff despite no evidence that Plaintiff was involved in the shooting.

19. Natalie Richardson was a witness to the shooting. She was driving her vehicle and waiting at a traffic light near the intersection of Silver Star Road and North Powers Drive when the shooting occurred.

20. On December 19, 2016, Richardson met with Defendants Wilson and Riley and was questioned about the shooting.

21. Richardson told Defendants that she did could only see the unknown black male from the side and not directly from the front. She could see that the unknown black male was shorter and had his head in long dreadlocks.

22. Defendants presented Richardson with a photo array that included Plaintiff's picture in the Number Two spot.

23. Defendants did not tell Richardson that the photo array may not include the suspect – a violation of police procedure.

24. Richardson told Defendants that she did not get a good look at the unknown black male and that she did not believe she could make an identification based on the person's face.

25. Defendants pressured Richardson to pick Number Two in the photo array despite Richardson's professed inability to identify anyone.

26. Richardson continued to tell Defendants that she was not sure if the shooter was included in the photos.

27. Defendants then lied to Richardson and told her that several other witnesses had identified Plaintiff – Number Two in the photo array – as the shooter.

28. Defendants finally coerced Richardson to circle Number Two (Plaintiff) and sign her name. Richardson only did so due to Defendants' pressure and lies.

29. Defendants knew that Richardson's identification of Plaintiff as the shooter was false and only done because of their lies and pressure.

30. Defendants then fabricated a police report that falsely stated Richardson had voluntarily identified Plaintiff as the shooter and omitted any mention of Richardson's hesitation and Defendants' lies and undue pressure.

31. Based on the false police report and identification, Defendants obtained a warrant for Plaintiff's arrest.

32. Plaintiff was arrested as a result of this warrant on January 31, 2017. Plaintiff's arrest was not supported by probable cause and was based on Defendants' false evidence.

33. Plaintiff was not involved in the December 16 shooting and was not the person firing a gun at the Malibu.

34. Plaintiff was charged via information with second degree murder, attempted first degree murder, and shooting at/within/or into an occupied vehicle. These charges were not supported by probable cause.

35. Plaintiff was held in custody until released on bond on or about June 26, 2019. Plaintiff's detention following his arrest was not supported by probable cause.

36. Plaintiff proceeded to trial on the charges. Following a jury trial, Plaintiff was found not guilty by a jury.

## CLAIMS

### Count I - 42 USC § 1983 - False Arrest

37. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein this Claim.

38. On or about January 31, 2017, Plaintiff was arrested pursuant to a warrant obtained by Defendants.

39. Plaintiff's arrest was not supported by probable cause but instead relied upon evidence fabricated by Defendants.

40. This false arrest was a violation of Plaintiff's rights under the Fourth Amendment.

41. As a result of the violation of his constitutional rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendants on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

### Count II

### 42 USC § 1983 - Unlawful Pre-Trial Detention

42. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein this Claim.

43. On or about January 31, 2017, Plaintiff was arrested pursuant to a warrant obtained by Defendants.

44. Following his arrest, Plaintiff was held in custody and unable to post bond for his release until on or about June 26, 2019.

45. Plaintiff's detention was done pursuant to legal process but was not supported by probable cause. Instead, Plaintiff's pre-trial detention relied upon evidence fabricated by Defendants.

46. This unlawful pre-trial detention was a violation of Plaintiff's rights under the Fourth Amendment.

47. As a result of the violation of his constitutional rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendants on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

## Count III

### 42 USC § 1983 - Due Process – Fabrication of Evidence

48. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein this Claim.

49. As described above, Defendants fabricated reports and unduly coerced a witness to falsely identify Plaintiff as the shooter.

50. Due to this fabricated and false evidence, Plaintiff was detained and suffered a deprivation of his liberty, in violation of his Fourteenth Amendment rights.

51. As a result of the violation of his constitutional rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendants on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

## Count IV

## 42 USC § 1983 - Malicious Prosecution

52. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein this Claim.

53. As described above, Defendants fabricated reports and unduly coerced a witness to falsely identify Plaintiff as the shooter.

54. This led directly to Plaintiff being charged with criminal offenses.

55. Defendants' institution of these criminal charges was done with malice and the charges were not supported by probable cause.

56. There was no other basis to justify the legal proceedings against Plaintiff.

57. The criminal proceedings terminated in Plaintiff's favor and in a manner indicative of his innocence when the jury acquitted Plaintiff following a trial.

58. As a result of defending against the unjustified criminal charges, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendants on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

## JURY DEMAND

Plaintiff Craig Bent demands a trial by jury on all issues.

DATED this 11th day of January, 2021.

       */s/Mary Sherris*
**Mary Sherris**
Florida Bar Number: 0138134
Sherris Legal, P.A.
121 South Orange Avenue, Suite 1270
Orlando, FL  32801
(407) 999-9955 Phone
(407) 999-9495 Fax
Primary E-mail:  service@sherrislegal.com
Secondary E-mail: msherris@sherrislegal.com
Attorney for Plaintiff