UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRAIG BENT,**

    **Plaintiff,**

v.                                                                                          Case No: 6:21-cv-75-WWB-EJK

**KEVIN WILSON and ROBERT RILEY,**

    **Defendants.**

REPORT AND RECOMMENDATION

    This cause comes before the Court on Defendants' Amended Opposed Motion to Dismiss Complaint and Strike Redundant Material (the "Motion"). (Doc. 24.) Plaintiff filed a response in opposition. (Doc. 26.) Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part, as set forth herein.

**I.    BACKGROUND**[1]

    This civil rights case arises out of a series of events that occurred on December 17, 2016. (Doc. 1 ¶ 7.) Non-parties Cheyanne Arias, Nestor Vinas, and Marc Hernandez were in a Chevy Malibu near the area of North Powers Drive and Silver Star Road in Orlando, Florida. (*Id.*). A man named Brandon Bascom approached their vehicle with a knife and stabbed one of the tires. (*Id.* ¶ 8.) Hernandez shot Bascom in

---

[1] This account of the facts is taken from Plaintiff's Complaint (Doc. 1), the allegations of which the Court must accept as true in considering Defendants' motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

his torso. (*Id.* ¶ 9.) Bascom then entered a silver vehicle and began to drive in reverse. (*Id.*) As Bascom was getting into the silver vehicle, an "unknown [B]lack male" exited a light-colored Chevrolet vehicle and approached the Malibu. (*Id.* ¶ 10.) The shooter fired shots towards the Malibu. (*Id.* ¶ 11.) Arias exited the Malibu and fled. (*Id.* ¶ 12.) Hernandez returned fire. (*Id.* ¶ 13.) The shooter then ran to the light-colored Chevrolet and fled the scene. (*Id.* ¶ 14.) None of the occupants of the Malibu could identify the shooter from the light-colored Chevrolet. (*Id.* ¶ 15.) Bascom subsequently died. (*Id.* ¶ 9.) Defendants, members of the Orange County Sheriff's Office, were assigned to investigate. (*Id.* ¶¶ 2, 3, 16.)

During their investigation, Defendants discovered that Bascom and Plaintiff were acquaintances. (*Id.* ¶ 17.) Plaintiff alleges that, despite no evidence connecting Plaintiff to the shooting, Defendants focused their investigation on him. (*Id.* ¶ 18.) Natalie Richardson, a witness to the shooting, met with Defendants on December 19, 2016, to be questioned. (*Id.* ¶¶ 19, 20.) Richardson told Defendants that she had only seen the shooter from the side and not from the front. (*Id.* ¶ 21.)

Defendants then presented Richardson with a photo lineup that included Plaintiff's picture in the second spot. (*Id.* ¶ 22.) Defendants did not tell Richardson that the photo lineup may not include the suspect. (*Id.* ¶ 23.) Richardson told Defendants that she did not get a good look at the shooter and did not think she could make an identification based on the person's face. (*Id.* ¶ 24.) Defendants pressured her to pick the second photo in the photo lineup. (*Id.* ¶ 25.) Defendants then lied and told

Richardson that other witnesses had identified the person depicted in the second photo of the photo lineup—Plaintiff—as the shooter. (*Id.* ¶ 27.) Defendants then coerced Richardson to choose the second photo and sign her name, which she did. (*Id.* ¶¶ 28, 29.)

Afterward, Defendants drafted a police report that falsely stated Richardson had voluntarily identified Plaintiff as the shooter and obtained a warrant for Plaintiff's arrest. (*Id.* ¶¶ 30, 31.) Plaintiff was arrested on January 31, 2017. (*Id.* ¶ 32.) Plaintiff was not involved in the December 16 shooting, but was charged with second degree murder, attempted first degree murder, and shooting at or into an occupied vehicle. (*Id.* ¶¶ 33, 34.) Plaintiff was held in custody until he was released on bond on June 26, 2019. (*Id.* ¶ 35.) Plaintiff proceeded to a jury trial and was found not guilty. (*Id.* ¶ 36.)

The Complaint alleges four claims under 42 U.S.C. § 1983: False Arrest (Count I), Unlawful Pretrial Detention (Count II), Due Process-Fabrication of Evidence (Count III), and Malicious Prosecution (Count IV). (Doc. 1.) Defendants now move to dismiss Counts I and III under Federal Rule of Civil Procedure 12(b)(6) and to strike Count II under Federal Rule of Civil Procedure 12(f). (Doc. 24).

## II.   STANDARD

In order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

District courts must accept all well-pleaded allegations within the complaint as true. *Twombly*, 550 U.S. at 555. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### III. DISCUSSION

**A. Count I – False Arrest**

Defendants argue that because Plaintiff was arrested pursuant to a warrant, his claim for false arrest (Count I) is actually a claim for malicious prosecution (which Plaintiff has already asserted in Count IV). (Doc. 24 at 4–5.) Thus, Defendants assert that Count I should be dismissed for failure to state a claim. (*Id.*) Defendants are correct that "[t]he issuance of a warrant—even an invalid one … constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest." *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (unpublished). Plaintiff does not dispute this. (Doc. 26 at 5–6.) Therefore, the undersigned recommends that Count I be dismissed.

### B. Count II - Unlawful Pretrial Detention

Defendants next argue that Plaintiff's claim for unlawful pretrial detention (Count II) should be stricken because it is redundant of Plaintiff's claim for malicious prosecution in Count IV and seeks identical remedies. (Doc. 24 at 5–6.) Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is generally considered a drastic measure and should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *see also Haegele v. Judd*, No. 8:19-CV-2750-T-33CPT, 2020 WL 3288030, at *2 (M.D. Fla. June 19, 2020).

Here, Defendants fail to assert that the unlawful pretrial detention claim has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice them if the claim is maintained. As Defendants' sole request is to strike Count II because it is redundant, the undersigned recommends that the Motion be denied on that basis. *See*, *Wichael v. Wal-Mart Stores E., LP*, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) (declining to strike a redundant claim).

### C. Count III - Due Process - Fabrication of Evidence

Finally, Defendants argue that Plaintiff's due process claim for fabrication of evidence (Count III) should be dismissed because claims challenging pretrial detention fall within the scope of the Fourth Amendment, not the Fourteenth Amendment, as Plaintiff alleges. (Doc. 24 at 6–7.) Count III alleges that Defendants fabricated reports

and unduly coerced a witness to falsely identify Plaintiff as the shooter. (Doc. 1 ¶ 49.) Due to this alleged fabrication, Plaintiff was detained pending trial and suffered a deprivation of liberty pursuant to his Fourteenth Amendment rights. (*Id.* ¶ 50.) Defendants assert that because Plaintiff's detention occurred entirely before his trial, the Fourth Amendment, not the Fourteenth Amendment, is the proper avenue through which Plaintiff must seek relief. *Manuel v. City of Joliet*, 137 S. Ct. 911, 914 (2017) (holding a plaintiff may challenge his pretrial detention on the ground that it violated the Fourth Amendment).

Plaintiff responds that *McDonough v. Smith*, 139 S. Ct. 2149, 2153 (2019), allows Plaintiff to pursue a claim for pretrial detention based on fabrication of evidence under the Fourteenth Amendment. (Doc. 26 at 9.) In *McDonough*, the Supreme Court addressed when the statute of limitations period begins to run in a § 1983 claim for fabrication of evidence. The Supreme Court noted that the plaintiff's claim in that case did "not ground his fabricated-evidence claim in a particular constitutional provision," but that the Second Circuit "treated his claim as arising under the Due Process Clause." *Id.* at 2155. The Supreme Court then went on to state that, "We assume without deciding that the Second Circuit's articulations of the right at issue and its contours are sound, having not granted certiorari to resolve those separate questions." *Id.*

Plaintiff urges the Court to rely on *McDonough* to find that Plaintiff's fabrication of evidence claim brought pursuant to the Fourteenth Amendment is not subject to dismissal. However, the undersigned recommends that the Court decline to do so and,

rather, rely on *Manuel* to find that Plaintiff's due process claim for pretrial detention based on fabricated evidence should be brought pursuant to the Fourth Amendment. Plaintiff's case would arise under the Fourteenth Amendment only if he were challenging the sufficiency of the evidence to support a conviction and the *subsequent* incarceration. *Manuel*, 137 S. Ct. at 920 n.8. He does not so do here, as he was found not guilty of all charges by a jury. Thus, the undersigned recommends that Count III be dismissed, but that the Court allow Plaintiff to replead this claim. (*See* Doc. 26 at 9 (requesting leave to amend dismissed claims).)

IV.     **RECOMMEDATION**

Upon consideration of the forgoing, I **RESPECTFULLY RECOMMEND** that Defendants' Amended Opposed Motion to Dismiss Complaint and Strike Redundant Material (Doc. 24) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. That the Court **GRANT** the Motion as to Count I and **DISMISS** Count I **WITH PREJUDICE**;

2. That the Court **DENY** the Motion as to Count II; and

3. That the Court **GRANT** the Motion as to Count III, but allow Plaintiff leave to amend this claim to assert it under the Fourth Amendment.

**NOTICE TO PARTIES**

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 16, 2021.

                                      EMBRY J. KIDD
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record