IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Craig Bent, | ) |
| | ) |
| Plaintiff, | )  Case No. 6:21-cv-75 |
| | ) |
| v. | ) |
| | ) |
| Detective Kevin Wilson and Detective Robert Riley, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff Craig Bent, through his attorneys, complains of Defendants Kevin Wilson and Robert Riley and states:

### Parties

1. Plaintiff Craig Bent is a resident of Orange County, Florida.

2. Defendant Kevin Wilson was, during the relevant time, employed by the Orange County Sheriff's Department and acted within the scope of his employment as a law enforcement officer and under color of law.

3. Defendant Robert Riley was, during the relevant time, employed by the Orange County Sheriff's Department and acted within the scope of his employment as a law enforcement officer and under color of law.

### Jurisdiction and Venue

4. This action arises under Federal law, specifically the Civil Rights Act, Title 42 United States Code, Sections 1983 and 1988.

5. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

6. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division under Title 28 of the United States Code, Section 1391(b)(2) as the events giving rise to this litigation occurred within this district.

### Factual Allegations

7. On or about December 17, 2016, Cheyanne Arias, Nestor Vinas, and Marc Hernandez were in a Chevy Malibu near the area of North Powers Drive and Silver Star Road in Orlando, Florida.

8. An individual named Brandon Bascom approached their vehicle with a knife and stabbed one of the tires.

9. Hernandez shot Bascom. Bascom then entered a silver Passat and began to drive in reverse. Eventually the silver Passat crashed into several objects and came to a stop. Bascom was shot in his torso and subsequently died from his injury.

10. As Bascom was getting into his silver vehicle, an unknown black male exited a light-colored Chevrolet vehicle and approached the Malibu.

11. This unknown black male fired numerous shots towards the Malibu.

12. Arias exited the Malibu and fled.

13. Hernandez fired multiple shots directed at this unknown black male.

14. The unknown black male ran to the light-colored Chevrolet and fled the scene.

15. None of the individuals in the Malibu could identify the shooter.

16. Defendants were assigned to investigate the shooting.

17. During their investigation, Defendants realized that Bascom and Plaintiff were acquaintances.

18. Having no other lead, Defendants focused the investigation on Plaintiff despite no evidence that Plaintiff was involved in the shooting.

19. Natalie Richardson was a witness to the shooting. She was driving her vehicle and waiting at a traffic light near the intersection of Silver Star Road and North Powers Drive when the shooting occurred.

20. On December 19, 2016, Richardson met with Defendants Wilson and Riley and was questioned about the shooting.

21. Richardson told Defendants that she did could only see the unknown black male from the side and not directly from the front. She could see that the unknown black male was shorter and had his head in long dreadlocks.

22. Defendant Riley presented Richardson with a photo array that included Plaintiff's picture in the Number Two spot.

23. Defendant Riley did not tell Richardson that the photo array may not include the suspect – a violation of police procedure.

24. Defendant Wilson was present when Defendant Riley presented the photo array to Richardson.

25. Richardson told Defendants that she did not get a good look at the unknown black male and that she did not believe she could make an identification based on the person's face.

26. Defendant Riley pressured Richardson to pick Number Two in the photo array despite Richardson's professed inability to identify anyone.

27. Defendant Wilson was present when Defendant Riley pressured Richardson to identify Plaintiff in the photo array.

28. Richardson continued to tell Defendants that she was not sure if the shooter was included in the photos.

29. Defendant Riley then lied to Richardson and told her that several other witnesses had identified Plaintiff – Number Two in the photo array – as the shooter.

30. Defendant Wilson was present when Defendant Riley lied to Richardson.

31. Defendant Riley finally coerced Richardson to circle Number Two (Plaintiff) and sign her name. Richardson only did so due to Defendant Riley's pressure and lies.

32. Defendant Wilson was present when Defendant Riley pressured Richardson to identify Plaintiff in the photo array and did not intervene to prevent the coercion.

33. Defendants knew that Richardson's identification of Plaintiff as the shooter was false and only done because of the lies and pressure placed upon her.

34. Defendant Riley then fabricated a police report that falsely stated Richardson had voluntarily identified Plaintiff as the shooter and omitted any mention of Richardson's hesitation and the lies and undue pressure.

35. Defendant Wilson did not intervene to prevent Defendant Riley from completing the false report.

36. Based on the false police report and identification, Defendant Riley obtained a warrant for Plaintiff's arrest.

37. Plaintiff was arrested as a result of this warrant on January 31, 2017. Plaintiff's arrest was not supported by probable cause and was based on the fabricated identification.

38. Plaintiff was not involved in the December 16 shooting and was not the person firing a gun at the Malibu.

39. Plaintiff was charged via information with second degree murder, attempted first degree murder, and shooting at/within/or into an occupied vehicle. These charges were not supported by probable cause.

40. Plaintiff was held in custody until released on bond on or about June 26, 2019. Plaintiff's detention following his arrest was not supported by probable cause.

41. Plaintiff proceeded to trial on the charges. Following a jury trial, Plaintiff was found not guilty by a jury.

### Claims
### Count I
### 42 USC Section 1983
### Fourth Amendment - Unlawful Pre-Trial Detention
### Defendant Riley

42. On or about January 31, 2017, Plaintiff was arrested pursuant to a warrant obtained by Defendant Riley.

43. Following his arrest, Plaintiff was held in custody and unable to post bond for his release until on or about June 26, 2019.

44. Plaintiff's detention was done pursuant to legal process but was not supported by probable cause. Instead, Plaintiff's pre-trial detention relied upon evidence fabricated by Defendant Riley.

45. This unlawful pre-trial detention was a violation of Plaintiff's rights under the Fourth Amendment.

46. As a result of the violation of his constitutional rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendant Riley on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

## Count II
## 42 USC § 1983
## Fourth Amendment – Fabrication of Evidence
## Defendant Riley

47. As described above, Defendant Riley fabricated reports and unduly coerced a witness to falsely identify Plaintiff as the shooter.

48. Due to this fabricated and false evidence, Plaintiff was detained and suffered a deprivation of his liberty, in violation of his Fourth Amendment rights.

49. As a result of the violation of his constitutional rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendant Riley on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

## Count III
## 42 USC § 1983
## Malicious Prosecution
## Defendant Riley

50. As described above, Defendant Riley fabricated reports and unduly coerced a witness to falsely identify Plaintiff as the shooter.

51. This led directly to Plaintiff being charged with criminal offenses.

52. Defendant Riley's institution of these criminal charges was done with malice and the charges were not supported by probable cause.

53. There was no other basis to justify the legal proceedings against Plaintiff.

54. The criminal proceedings terminated in Plaintiff's favor and in a manner indicative of his innocence when the jury acquitted Plaintiff following a trial.

55. As a result of defending against the unjustified criminal charges, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendant Riley on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

## Count IV
## 42 USC § 1983
## Fourth Amendment – Failure to Intervene
## Defendant Wilson

56. As described above, Defendant Riley fabricated reports and unduly coerced a witness to falsely identify Plaintiff as the shooter, thus leading to Plaintiff's arrest, pre-trial detainment, and criminal prosecution.

57. Defendant Wilson was present when Defendant Riley unduly coerced Richardson into falsely identifying Plaintiff during the photo array.

58. Defendant Wilson had the opportunity to prevent Defendant Riley's misconduct but failed to do so.

59. Upon information and belief, Defendant Wilson knew that Defendant Riley's report that Richardson had identified Plaintiff as the shooter was false.

60. Upon information and belief, Defendant Wilson had the opportunity to prevent Defendant Riley from using the false report to cause Plaintiff to be arrested and detained prior to trial but Defendant Wilson did not intervene.

61. As a result of Defendant Wilson's failure to prevent the violation of Plaintiff's constitutional rights by Defendant Riley, Plaintiff suffered damages.

Wherefore, Plaintiff prays for a judgment in his favor and against Defendant Wilson on this count and an award of compensatory and punitive damages, costs, attorneys' fees under 42 USC § 1988, and any other relief that is just and appropriate.

### Jury Demand

Plaintiff Craig Bent demands a trial by jury on all issues.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 8th day of September, 2021, I served by electronic mail the foregoing Amended Complaint to Defendants Riley and Wilson on the following: Brian Francis Moes, Esq, Walter Ketcham, Esq., G. Ryan Dietrich, Esq., Post Office Box 538065, Orlando, FL 32853-8065 (Email: bfmoes@ketmw.com, waketcham@ketmw.com, grdeietrich@ketmw.com, enotice@ketmw.com, aremedios@ketmw.com).

| | |
|---|---|
| */s/Mary Sherris* | **/s/ Shawn W. Barnett** |
| **Mary Sherris** | **Shawn W. Barnett** |
| Florida Bar Number: 0138134 | Pro Hac Vice |
| Sherris Legal, P.A. | Shawn W. Barnett Hale & Monico LLC |
| 121 South Orange Avenue, Suite 1270 | 53 W. Jackson Blvd. Ste. 337 |
| Orlando, FL 32801 | Chicago, IL 60604 |
| (407) 999-9955 Phone | (312) 870-6905 |
| E-mail: msherris@sherrislegal.com | Sbarnett@HaleMonico.com |