# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CRAIG BENT,

        Plaintiff,

v.                                                               Case No. 6:21-cv-75-WWB-EJK

KEVIN WILSON and ROBERT RILEY,

        Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Amended Complaint ("**Motion to Dismiss**," Doc. 42)[1] and Plaintiff's Response (Doc. 44) thereto. For the reasons set forth below, Defendants' Motion will be granted.

## I.     BACKGROUND

On December 17, 2016, non-parties Cheyanne Arias, Nestor Vinas, and Marc Hernandez were in a Chevy Malibu near the area of North Powers Drive and Silver Star Road in Orlando, Florida when Brandon Bascom approached their vehicle with a knife and stabbed one of the tires. (Doc. 40, ¶¶ 7–8). Hernandez shot Bascom in the torso. (*Id.* ¶ 9). Bascom then entered a silver vehicle and began to drive in reverse, eventually crashing into several objects before succumbing to his injuries. (*Id.*). As Bascom was getting into the silver vehicle, an "unknown black male" exited a light-colored Chevrolet vehicle and approached the Malibu, firing numerous shots towards the Malibu. (*Id.* ¶¶ 10–

---

[1] The Court notes that Defendants' Motion fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the Motion, but the parties cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

11). Arias exited the Malibu and fled while Hernandez returned fire. (*Id.* ¶¶ 12–13). The unknown shooter retreated to the light-colored Chevrolet and fled the scene. (*Id.* ¶ 14). None of the occupants of the Malibu could identify the unknown shooter. (*Id.* ¶ 15).

Defendants, Kevin Wilson and Robert Riley, members of the Orange County Sheriff's Office, were assigned to investigate the incident. (*Id.* ¶¶ 2, 3, 16). During their investigation, Defendants discovered that Bascom and Plaintiff were acquaintances. (*Id.* ¶ 17). On December 19, 2016, Natalie Richardson, a witness to the shooting, met with Defendants to be interviewed. (*Id.* ¶¶ 19–20). Richardson told Defendants that she had only seen the shooter from the side and not from the front. (*Id.* ¶ 21). Defendants presented Richardson with a photo lineup that included Plaintiff's picture in the second spot. (*Id.* ¶ 22). Richardson told Defendants that she did not get a good look at the shooter and did not think she could make an identification based on the person's face. (*Id.* ¶ 25). Despite this, Plaintiff alleges that Riley pressured Richardson to pick his photo out of the lineup, including by falsely telling Richardson that other witnesses had identified Plaintiff as the shooter from the photo lineup. (*Id.* ¶¶ 26, 29). Plaintiff alleges that because of Riley's pressure, Richardson choose his photo from the lineup and signed her name. (*Id.* ¶ 31). Wilson was present during this exchange and did not intervene. (*Id.* ¶¶ 27, 32). Afterward, Riley drafted a police report that falsely stated Richardson had voluntarily identified Plaintiff as the shooter and omitted any mention of Richardson's hesitation or Riley's lies and pressure and obtained a warrant for Plaintiff's arrest. (*Id.* ¶¶ 34, 36). Wilson did not intervene to prevent Riley from completing the false report. (*Id.* ¶ 35). Plaintiff was arrested on January 31, 2017. (*Id.* ¶ 37).

Plaintiff alleges that he was not involved in the shooting but nonetheless, was charged with second degree murder, attempted first degree murder, and shooting at or into an occupied vehicle as a result of Defendants' actions and inactions. (*Id.* ¶¶ 38–39). Plaintiff remained in custody until he was released on bond on June 26, 2019. (*Id.* ¶ 40). Plaintiff was subsequently found not guilty of the charges at a jury trial. (*Id.* ¶ 41). As a result of the foregoing, Plaintiff filed the Amended Complaint, alleging claims for Unlawful Pretrial Detention (Count I), Fabrication of Evidence (Count II), Malicious Prosecution (Count III), and Failure to Intervene (Count IV) pursuant to 42 U.S.C. § 1983.

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where a complaint alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

Riley moves to dismiss Count II of the Amended Complaint and Wilson seeks qualified immunity as to Count IV. Plaintiff opposes the Motion as to both Defendants.

### A.   Count II

Riley argues that Count II should be dismissed because Plaintiff's fabrication of evidence claim is a mislabeled claim for malicious prosecution and Plaintiff has failed to sufficiently allege the elements of such claim. Plaintiff argues that his fabrication of evidence claim is separate and distinct from his malicious prosecution claim because it seeks to vindicate his Fourth Amendment right not to be deprived of liberty, whereas the malicious prosecution claim seeks to vindicate his Fourth Amendment right not to be prosecuted with malice and without probable cause. Plaintiff offers no binding—or even persuasive—legal authority explicitly recognizing fabrication of evidence as its own claim under the Fourth Amendment or articulating the elements of such claim. Instead, Plaintiff simply asserts that "to state a claim for fabrication of evidence, a plaintiff must allege that a defendant included false information in an arrest report either knowingly and intentionally or with reckless disregard for the truth." (Doc. 44 at 3–4). Yet the cases upon which Plaintiff relies discuss whether government actors were entitled to qualified immunity for a false arrest claim, *Kingsland v. City of Mia.*, 382 F.3d 1220, 1223 (11th Cir.

2004), and a malicious prosecution claim, *Williams v. Aguirre*, 965 F.3d 1147, 1152 (11th Cir. 2020), not the elements for a fabrication of evidence claim. Plaintiff also cites to *Franks v. Delaware*, 438 U.S. 154 (1978), the landmark Supreme Court case "requir[ing] a district court to hold a hearing if a defendant makes a substantial showing that: (1) a warrant affiant made intentionally false or recklessly misleading statements or omissions and (2) those statements or omissions were necessary to the finding of probable cause[,]" *United States v. Jones*, 847 F. App'x 830, 834 (11th Cir. 2021) (citing *Franks*, 438 U.S. at 155–56), without any explanation or discussion. Further, Plaintiff's reliance on *McDonough v. Smith* for the proposition that fabrication of evidence is a recognized claim is misplaced because the Court explicitly "assume[d] without deciding" that the fabrication of evidence and malicious prosecution claims were distinct. 139 S. Ct. 2149, 2155 (2019). The Court further notes that the fabrication of evidence claim addressed in *McDonough* was raised under the Due Process Clause of the Fourteenth Amendment, not the Fourth Amendment. *Id.* Thus, the Court is not convinced that Plaintiff has or can state a distinct claim for fabrication of evidence under the Fourth Amendment because, as pleaded, Count II is either duplicative of Count I or fails to sufficiently allege an alternative claim for malicious prosecution.

First, Count II is duplicative of Plaintiff's unlawful pretrial detention claim because both claims rely on Riley's purportedly false or misleading statements to obtain an arrest warrant and Plaintiff's subsequent detention. (Doc. 40, ¶¶ 42–49). "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available. To promote judicial economy, a court should dismiss claims that are duplicative of other claims." *Manning v. Carnival Corp.*,

No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (citation and quotations omitted); *see also Diaz v. Medline Indus., Inc.*, No. 20-24952-CIV, 2021 WL 2075422, at *2 (S.D. Fla. Feb. 24, 2021). Therefore, to the extent that the claims are based on the same factual allegations and seek to vindicate the same harm, Count II should be dismissed.

In the alternative, to the extent Plaintiff instead intended to vindicate the harm arising from his prosecution, as opposed to his arrest and detention, the Court agrees that the claim is a mislabeled claim for malicious prosecution and Plaintiff has not sufficiently alleged such a claim. "[I]n the Eleventh Circuit, a fabrication-of-evidence claim is really just a species of malicious prosecution" because it "vindicates [ ] the right not to be prosecuted with fabricated evidence." *Watkins v. Session*, No. 19-60810-CIV, 2021 WL 663762, at *10 (S.D. Fla. Feb. 19, 2021) (collecting cases). Because the Court finds that Plaintiff has failed to come forward with persuasive authority to the contrary and Plaintiff does not dispute that he has failed to meet the elements of a malicious prosecution claim, Count II can also be dismissed on these grounds.

### B.    Count IV

In Count IV, Plaintiff alleges that Wilson was present when Riley unduly coerced Richardson into identifying Plaintiff and had the opportunity to prevent Riley's misconduct during the photo array and subsequent use of the report that caused Plaintiff to be arrested and detained but failed to do so. (Doc. 40, ¶¶ 56–61). Wilson argues that he is entitled to qualified immunity as to Count IV. In response, Plaintiff argues that Defendants' Motion as to Count IV must be denied as premature.

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation omitted). "The question is 'whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties.'" *Hargis v. City of Orlando*, No. 6:12-cv-723-Orl, 2012 WL 6089715, at *3 (M.D. Fla. Dec. 7, 2012) (quoting *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006)). There is no dispute that Wilson was acting within his discretionary duties when he accompanied Riley during Richardson's interview. *Eubanks v. Freburger*, No. 11-60714-CIV, 2012 WL 4936061, at *3 (S.D. Fla. Oct. 17, 2012) ("Actions such as investigating crimes and questioning witnesses fall within the scope of a law enforcement officer's discretionary authority.").

Where, as here, the defendant has established that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to prove that the defendant "(1) . . . violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). The two prongs of the qualified immunity analysis may be addressed in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "[I]t is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quotation omitted). "For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* at 1311 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640

(1987)). "[I]n the light of the pre-existing law[,] the unlawfulness must be apparent." *Id.* at 1312 (quoting *Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012)). "[A] plaintiff cannot strip a § 1983 defendant of his qualified immunity by citing to general rules or abstract rights." *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999).

Plaintiff has failed to point this Court to any controlling authority that requires a law enforcement officer to intervene when another officer coerces a witness or includes misleading information in an arrest affidavit. In his briefing, Plaintiff points to case law establishing that in the context of a warrantless arrest, a non-arresting officer "may be liable if he knew the arrest lacked any constitutional basis and yet participated in some way." *Wilkerson v. Seymour*, 736 F.3d 974, 980 (11th Cir. 2013); *see also Buress v. City of Mia.*, No. 21-12131, 2022 WL 2161438, at *3 (11th Cir. 2022). Plaintiff has not, however, demonstrated that the law was clearly established that an officer can be liable under the circumstances of this case, where Wilson was allegedly aware that the arrest affidavit prepared by Riley contained misleading information. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1281 (11th Cir. 2002) ("[T]his Court has held that a police officer did *not* violate clearly established law merely by failing to act in the face of knowledge that another officer had fabricated a confession."); *see also McGuire v. City of Montgomery*, No. 2:11-CV-1027, 2013 WL 1336882, at *14 (M.D. Ala. Mar. 29, 2013) ("[I]t is unclear whether the duty to intervene exists for constitutional deprivations other than excessive force."); *Lewis v. Blue*, No. 2:09-CV-862, 2010 WL 730210, at *6 (M.D. Ala. Mar. 3, 2010) ("[C]ase law seems to indicate that failure to intervene claims are cognizable only when related to excessive force violations."); *Heine v. Rice*, No. 8:00CV2297T24TBM, 2001 WL 1338780, at *8 (M.D. Fla. Apr. 9, 2001) (holding that a

law enforcement officer was entitled to qualified immunity where the plaintiff failed to show clearly established law that requires an officer to intervene when another officer omits information from a warrant affidavit). Plaintiff has failed to meet his burden. Thus, Wilson is entitled to qualified immunity, and Count IV will be dismissed accordingly.

### C.   Shotgun Pleading

Nevertheless, this does not end the Court's inquiry. Upon review, the Court finds that the Amended Complaint continues to be an impermissible shotgun pleading. "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

On September 1, 2021, this Court warned Plaintiff that his Amended Complaint (Doc. 38) constituted an impermissible shotgun pleading and was subject to immediate dismissal because each count adopted the allegations of all preceding counts. (Doc. 39 at 1; *see also* Doc. 38, ¶¶ 37, 43, 47). Plaintiff was granted leave to file an amended pleading and was warned that the "[f]ailure to timely file an amended pleading that corrects the deficiencies noted in . . . this Order and that complies with all applicable rules and orders may result in the dismissal of this case without further notice." (Doc. 39 at 2). Despite this warning, Plaintiff's Amended Complaint, inexplicably, remains a shotgun pleading because Counts II, III, and IV incorporate by reference all preceding paragraphs with the phrase "[a]s described above[.]" (Doc. 40, ¶¶ 47, 50, 56). Notably, while Counts II, III, and IV incorporate all that comes before it, Count I neglects to incorporate any of the factual allegations in the complaint and, thus, arguably, fails to state a claim. Accordingly, the Amended Complaint will be dismissed in its entirety. Although the Court is not required to grant Plaintiff further leave to amend at this juncture, Plaintiff will be

granted leave to file one last amended pleading to address the shotgun pleading issue, but he is cautioned that failure to correct the deficiencies noted herein may result in the dismissal of any amended pleading with prejudice. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

## IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 42) is **GRANTED**.

2. Counts I, II, and III of the Amended Complaint (Doc. 40) are **DISMISSED without prejudice**.

3. Count IV of the Amended Complaint (Doc. 40) is **DISMISSED with prejudice**. The Clerk is directed to terminate Kevin Wilson as a defendant in this matter and amend the case style accordingly.

4. On or before **September 21, 2022**, Plaintiff may file an amended pleading to correct the shotgun pleading deficiencies noted herein only. Plaintiff is not permitted to replead Count II or make any additional factual allegations or claims. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Failure to timely file an amended pleading in accordance with this Order may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on September 16, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record