UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRAIG BENT,

    Plaintiff,

v.                                                              Case No. 6:21-cv-75-WWB-EJK

ROBERT RILEY,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on review of the Second Amended Complaint (Doc. 76). On September 16, 2022, this Court dismissed Plaintiff's Amended Complaint (Doc. 40), in part, as a shotgun pleading. (Doc. 75 at 9–11). Plaintiff's claim against Kevin Wilson was dismissed with prejudice. (*Id.* at 11). Although this was not Plaintiff's first warning regarding shotgun pleading, (*see* Doc. 39 at 1), Plaintiff was given leave to "file an amended pleading to correct the shotgun pleading deficiencies . . . only" and was explicitly informed that he was "not permitted to . . . make any additional factual allegations or claims." (Doc. 75 at 11). Plaintiff was warned that the "[f]ailure to timely file an amended pleading in accordance with [the Court's] Order may result in the dismissal of this case without further notice." (*Id.*).

Nevertheless, despite a clear directive from the Court, Plaintiff's Second Amended Complaint is replete with new factual allegations. For example, Plaintiff now alleges that "Defendant Riley observed Plaintiff's driver's license photo and focused his investigation solely on Plaintiff . . . due to Plaintiff and the unknown black male both being black and having dreadlocks." (Doc. 76, ¶ 18). Plaintiff also now alleges that "Defendant Riley and

his partner – Defendant Wilson – created a photo array that included Plaintiff's photograph" and that "Defendants had a different photograph of Plaintiff with his hairstyle similar to the five other men chosen for the photo array[ but] intentionally chose not to use that photograph." (*Id.* ¶¶ 22, 26). In sum, the Court has identified at least ten new factual allegations that were not previously asserted in Plaintiff's Amended Complaint. (*See generally* Doc. Nos. 40, 76). Moreover, Plaintiff reasserts his claim against Wilson for failure to intervene—and makes a new factual allegation that "Wilson signed off on and approved the documents containing the fabricated report that Richardson had properly identified Plaintiff as the shooter," (Doc. 76, ¶ 128),—even though the Court dismissed Plaintiff's claim against Wilson with prejudice.

Plaintiff has demonstrated an unwillingness to comply with the Orders of this Court. Despite receiving explicit instructions that he was permitted only to correct the shotgun pleading deficiencies and could not assert new factual allegations, Plaintiff asserted numerous new factual allegations that were not previously alleged. Especially at this stage of the proceedings, such actions are inexcusable. Plaintiff was warned that the failure to file an amended pleading in accordance with this Court's Order could result in the dismissal of this case without further notice. Therefore, it is **ORDERED** and **ADJUDGED** that the Second Amended Complaint (Doc. 76) is **DISMISSED with prejudice**. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on September 22, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record