**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CRAIG BENT,

    Plaintiff,

v.                                                    Case No. 6:21-cv-75-WWB-EJK

KEVIN WILSON and ROBERT RILEY,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Reconsideration (Doc. 80) and Plaintiff's Unopposed Motion Requesting Leave to Reply ("**Motion for Leave to Reply**," Doc. 82). As an initial matter, Plaintiff's Motion for Leave to Reply fails to comply with January 13, 2021 Standing Order and could be denied on this basis alone. (*See* Doc. 75 at 1 n.1). Furthermore, based upon a review of the parties' current briefing, the Court does not require a reply to resolve the Motion for Reconsideration. Therefore, Plaintiff's Motion for Leave to Reply will be denied.

On September 16, 2022, this Court dismissed Plaintiff's Amended Complaint (Doc. 40), in part, as a shotgun pleading and dismissed Plaintiff's claim against Kevin Wilson with prejudice. (Doc. 75 at 9–11). Although this was not Plaintiff's first warning regarding shotgun pleading, (*see* Doc. 39 at 1), Plaintiff was given leave to "file an amended pleading to correct the shotgun pleading deficiencies . . . only" and was explicitly informed that he was "not permitted to . . . make any additional factual allegations or claims." (Doc. 75 at 11). Plaintiff was warned that the "[f]ailure to timely file an amended pleading in accordance with [the Court's] Order may result in the dismissal of this case without further

notice." (*Id.*). In direct contravention of the Court's September 16, 2022 Order, Plaintiff filed a Second Amended Complaint (Doc. 76), which was replete with new factual allegations and reasserted Plaintiff's claim against Wilson. (*See generally id.*).

On September 22, 2022, this Court entered an Order (Doc. 77) dismissing this case with prejudice for failure to comply with the Court's September 16, 2022 Order. (*Id.* at 2). Thereafter, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, (Doc. 78), wherein Plaintiff explicitly acknowledged that "he should have sought leave of Court to file any Complaint that was not in strict compliance with this Court's September 16, 2022 [O]rder." (*Id.* ¶ 3). The Court denied the Motion for Leave to File a Third Amended Complaint for failing to set forth a legal basis for the requested relief. (Doc. 79 at 1–2). In his Motion for Reconsideration, Plaintiff argues that the Court should vacate its September 22, 2022 Order and grant him leave to file an amended pleading because his violations of the Court's September 16, 2022 Order were due to mistake and inadvertence. (Doc. 80 at 2–3).

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*,

497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

Plaintiff cites to Federal Rule of Civil Procedure 60(b)(1), which permits relief from a final judgment, order, or proceeding due to mistake, inadvertence, surprise, or excusable neglect. Plaintiff contends that "due to a misreading of the Court's September 16, 2022 Order, Plaintiff accidently included new allegations in his Second Amended Complaint[.]" (Doc. 80 at 3). To the extent Plaintiff argues that the factors discussed in *Cheney v. Anchor Glass Container Corp.*—"the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith"—support his Motion, Plaintiff's argument is misplaced. 71 F.3d 848, 850 (11th Cir. 1996) (quotation omitted). Courts consider these factors in determining whether a party's failure to comply with a filing deadline constitutes

excusable neglect. *Id.*; *see also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). However, in this case, Plaintiff did not fail to meet a filing deadline, and Plaintiff has not cited to any authority applying these factors to any other situation. Furthermore, even if it did apply, the Court rejects any argument that Plaintiff's "misreading" of an unambiguous order would be excusable neglect. To be clear, the Court is unaware of any circumstances under which an attorney's failure to carefully and thoroughly read and comply with a Court order, particularly with five days to do so, would be excusable.

Insofar as Plaintiff contends that the inclusion of additional factual allegations was the result of mistake and inadvertence, the Court finds Plaintiff's argument to be disingenuous at best. As the record indicates, shortly after Plaintiff filed his Second Amended Complaint, Defendant notified Plaintiff that the addition of new factual allegations violated the Court's September 16, 2022 Order, as well as the inclusion of the claim against Wilson, and Plaintiff responded that "[t]he complaint fits the evidence" and he "will agree to file an amended complaint removing Wilson" on the condition that Defendant agree not to argue that any appeal as to the claim against Wilson had been waived. (Doc. 81-1 at 1–2). Defendant again expressed concerns regarding the new factual allegations, and Plaintiff simply responded that he would "file a third amended complaint removing Wilson." (*Id.* at 1). This certainly belies Plaintiff's current assertion that he "immediately began the process" of complying with the Order and "requested another attorney begin work on removing the new allegations" upon being notified of his purported error. (Doc. 80 at 1, 3).

4

Moreover, in his Motion for Leave to File a Third Amended Complaint, Plaintiff acknowledged that the Second Amended Complaint did not comply with the Court's September 16, 2022 Order and that he should have requested leave to file such pleading. (Doc. 78, ¶ 3). Interestingly, however, the Motion for Leave to File a Third Amended Complaint does not argue or state that the failure to comply with the September 16, 2022 Order was the result of any misreading or misunderstanding, simply that Plaintiff's counsel should not have violated the Order. Thus, the record clearly demonstrates that Plaintiff's inclusion of new factual allegations was not due to mistake or inadvertence as he now claims, having failed to otherwise persuade the Court to ignore his disregard for the September 16, 2022 Order, but rather on a desire to inject new issues into this litigation far beyond the time for doing so. Plaintiff's Rule 60(b)(1) arguments are without merit. Additionally, based on what this Court finds to be, at the very least, concerning half-truths, the Court is compelled to remind Plaintiff's counsel that as officers of the court, they have a duty of candor to the tribunal. Fla. Bar Rule 4–3.3(a)(1); *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This Court does not take compliance with ethical obligations lightly.

The Court further notes that Plaintiff has failed to set forth any other basis for reconsideration, under Rule 60 or otherwise. Based upon the parties' briefing, there does not appear to be an intervening change in controlling law or the existence of new evidence to justify reconsideration. Likewise, Plaintiff fails to argue reconsideration is warranted to correct clear error or manifest injustice, and the Court will not raise arguments for the parties.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Reconsideration (Doc. 80) and Plaintiff's Unopposed Motion Requesting Leave to Reply (Doc. 82) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 31, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record